[Civ. No. 25860.   Second Dist., Div. One.   Apr. 17, 1962.]

Estate of DARLENE E. JETT, Deceased. WILLIE PLOUNT et al., Contestants and Appellants, v. ELODEAN TENZER, Defendant and Respondent.

Harry V. Leppek and Wallace J. Manley for Contestants and Appellants.

Morton B. Harper and Cyril Moss for Defendant and Respondent.

FOURT, J.—This is an appeal by the contestants from a judgment which in effect admitted a lost holographic will to probate and from an order denying a motion for a new trial.

Darlene E. Jett, known by several different names (hereinafter referred to as the decedent or testatrix), died on January 4, 1960. She had been married and divorced; however she had no children. There were seven brothers and four sisters, the contestants being the seven brothers and three sisters. The proponent of the will is Elodean Tenzer, a daughter of Celeste Goldman, the noncontesting sister of decedent. Under the lost will the entire estate went to a minor son of Elodean Tenzer.

After a trial before the court without a jury a judgment was ordered which admitted the lost holographic will to probate. A motion for a new trial was denied.

There was evidence which, if believed, established that decedent did in her own handwriting in the presence of two persons (Elodean Tenzer and Celeste Goldman) entirely write, date and sign a will on March 23, 1954.[1] Decedent furthermore read the will aloud to each of the persons present and then apparently gave it for safekeeping to Celeste Goldman, one of the persons present. There seemingly is no question but that the testatrix on the date and at the time of the making of the will was of sound and disposing mind and not acting under duress, menace, fraud or undue influence, and in every respect was competent by will to dispose of her estate. It was also established by competent evidence that the will was in existence at the time of the death of the testatrix and subsequently was lost or destroyed. The testimony of the two witnesses above mentioned (Tenzer and Goldman) in considerable part was bolstered by two disinterested witnesses.

Appellants now assert that the evidence was insufficient to establish that there was a will, and further that if there was a will the evidence did not establish that it was lost or that it was not in existence at the time of the death of the testatrix.

---

[1] "March 23, 1954.

"If something should happen to me everything I have is to go to my nephew Freddy Dean Stipp and nothing to anyone else. What money there is is to be used only for his education and nothing else except in case of a grave emergency such as sickness. Whatever is not spent on his education is to be put in a Trust Fund for him to get when he is 25 years old.

"Darlene E. Jett"

Counsel for appellants have failed and neglected to state the evidence which supports the judgment and have made no attempt to comply with the rules in such case made and provided. Appellant makes no mention of the testimony of Elodean Tenzer and Celeste Goldman to the effect that each saw the testatrix write out the will, talked about it and then entrusted it to Celeste Goldman for safekeeping. The omission by the appellants is such that this court could well hold that the claimed errors were waived. (*Gold* v. *Maxwell*, 176 Cal. App.2d 213, 217-218 [1 Cal.Rptr. 226]; *Cooper* v. *Cooper*, 168 Cal.App.2d 326, 331 [335 P.2d 983]; *Goldring* v. *Goldring*, 94 Cal.App.2d 643, 645 [211 P.2d 342].)

Suffice it to say, however, that there is competent testimony and evidence in the record to support and maintain each finding made by the judge and the findings support the judgment. The trial judge believed the proponent of the will and her witnesses and apparently did not fully believe the other witnesses. When the findings of the trial judge are attacked for insufficiency of the evidence our duty is to determine whether there is any substantial evidence to support the findings. As heretofore indicated, it is the duty of appellants under such circumstances to set forth wherein there is no such substantial evidence to support the findings. Our reading of the reporter's transcript leaves no doubt that the evidence is amply sufficient to support the judgment in this case.

The order denying the motion for a new trial is not appealable.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.